FILED
United States Court of Appeals
Tenth Circuit

August 21, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALAN AMBROSE MEDINA,

      Plaintiff - Appellant,

v.

DAWN WEBER, Deputy District
Attorney; UNKNOWN OFFICIALS OF
SAID OFFICE,

      Defendants - Appellees.

No. 13-1273
(D.C. No. 1:13-CV-01066-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

      Alan A. Medina was tried and convicted in state court for first degree burglary.

The Colorado Court of Appeals overturned the conviction for violation of Mr. Medina's

---

      *After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

right to a speedy trial. *See People v. Medina,* 2011 WL 486498 (Colo. App. Feb. 10, 2011).

Mr. Medina, currently in state custody, filed a prisoner complaint in federal district court based on 42 U.S.C. § 1983 seeking money damages from Dawn Weber, the deputy district attorney who prosecuted his case, the Denver District Attorney's Office, and unknown officials of that office.

The district court concluded that prosecutorial immunity barred Mr. Medina's suit against Ms. Weber and that Eleventh Amendment immunity barred his suit against the other defendants. The court dismissed his complaint under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) as legally frivolous and denied leave to proceed *in forma pauperis* ("*ifp*") on appeal. Exercising our appellate jurisdiction under 28 U.S.C. § 1291, we affirm.

On appeal, Mr. Medina appears pro se[1] and argues that the district court failed to address his claim that Ms. Weber violated his right to counsel when she told his attorney on the first day of trial that she would seek his disbarment if he did not withdraw. Mr. Medina further argues that his attorney's subsequent withdrawal and the appointment of new counsel contributed to the violation of his speedy trial right.

---

[1] We construe pro se filings liberally but do not "assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

In its dismissal order, the district court recounted Mr. Medina's contention about the withdrawal of counsel. The court's reliance on prosecutorial immunity to dismiss the complaint indicates that it considered this part of the complaint.

But even if more analysis were needed, the Supreme Court has held that prosecutors are absolutely immune from suit under § 1983 for conduct "intimately associated with the judicial . . . process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). This is so even if the prosecutor acted "with an improper state of mind or improper motive." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005); *see also Lewill v. Joslin,* 712 F.2d 435, 441 (10th Cir. 1983).

According to ¶¶ 12-13 of Mr. Medina's complaint, Ms. Weber was concerned that his lawyer's mental health condition, which had affected one of his lawyer's other cases, would lead to an appellate issue in Mr. Medina's case. The prosecutor's alleged challenge to defense counsel's representation of Mr. Medina was associated with the trial and her concern about a potential appellate issue, and it occurred in the course of her role as advocate for the state. We conclude that the doctrine of prosecutorial immunity covers the allegations in Mr. Medina's complaint.

Mr. Medina does not contest the district court's disposition of Mr. Medina's claims against the other defendants under the Eleventh Amendment. We therefore need not address that part of the district court's order here.

We affirm the district court and deny Mr. Medina's motion to file a substitute brief. We deny *ifp* and advise Mr. Medina of his immediate obligation to pay the balance of his filing fee. Finally, we impose one strike on Mr. Medina under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), on the ground that the district court found his complaint to be "legally frivolous." *Medina v. Weber*, No. 13-cv-01066-BNB, Slip. Op. at 1 (D. Colo. May 30, 2013).

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge